**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| WILLIAM HENRY SHERRATT,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK SHURTLEFF et al.,<br><br>    Defendants. | Case No. 2:07-CV-393 DB<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT** |

Plaintiff, William Henry Sherratt, an inmate at the Utah State Prison, originally filed this *pro se* civil rights suit in the Third District Court for the State of Utah. Defendants removed the case to federal court on June 13, 2007, pursuant to 28 U.S.C. § 1441. *See* 28 U.S.C.A. § 1441 (West 2007). The Complaint asserts claims under the United States Constitution, the Utah Constitution and various Utah statutes. The case is now before the Court on Plaintiff's motion to amend the Complaint, Defendants' Motion to Dismiss, and for screening under 28 U.S.C. § 1915A. *See* 28 U.S.C.A. § 1915A (West 2007).

**ANALYSIS**

**I. Motion to Dismiss**

Defendants filed their motion to dismiss Plaintiff's Complaint on June 28, 2007. To date, Plaintiff has not filed a response to this motion. A possible explanation for Plaintiff's failure to respond is that the heading of Defendants' motion

incorrectly identifies the case number as 2:07CV264 and the lead defendant as Christine M. Durham.  That information, however, corresponds to an earlier case filed by Plaintiff in which defendants have also moved to dismiss and Plaintiff has filed a timely response.  Due to the possible confusion caused by this mistake it is not certain that Plaintiff received adequate notice and opportunity to respond to this motion.[1]  Rather than resolve the issue, however, the Court hereby strikes Defendants' motion to dismiss and proceeds to screen Plaintiff's claims under 28 U.S.C. § 1915A.

## II. Screening Standard of Review

Title 28 U.S.C. § 1915A requires the Court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and "to dismiss the complaint, or any portion of the complaint" which the Court finds "(1) is frivolous, malicious, or fails to state a claim upon which relief

---

[1]  Despite the errors in its heading the Court finds it unlikely that Plaintiff was completely unaware of Defendants' motion.  The motion is clearly entitled "Defendants Attorney General Mark Shurtleff and Annina Mitchell's Motion to Dismiss" and the accompanying supporting memorandum does contain the correct case number and heading information.  Finally, both the motion and supporting memorandum were correctly docketed in this case and copies appear to have been mailed to Plaintiff.

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(1).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### III. Sufficiency of Plaintiff's Allegations

Plaintiff has filed a motion to amend his Complaint to add another cause of action under the Utah Constitution. Because Plaintiff's proposed amendment is based on state law it has no bearing on the sufficiency of his federal claims. Thus, based on the Court's reasoning below the motion to amend is denied,

however, Plaintiff is free to renew this motion in state court if appropriate.

Although difficult to decipher the essence of Plaintiff's claims appears to be that Plaintiff was wrongly convicted in violation of the United States Constitution, the Utah Constitution and various Utah statutes.  Specifically, Plaintiff alleges that Shurtleff lied in court proceedings during Plaintiff's conviction and appeals process, failed to pursue complaints made against the prosecutors who convicted Plaintiff, and did not investigate or respond to Plaintiff's second habeas appeal in the state courts.  Regarding Mitchell, Plaintiff alleges that she "lied by omission to the Court of Appeals" during Plaintiff's state appellate proceedings.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck,* 512 U.S. at 480-82.  Under *Heck*, claims for damages or release from confinement based on wrongful imprisonment are not cognizable under § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated.  *Id.* at 487. Thus, before bringing a § 1983 suit alleging such claims the

4

plaintiff must "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.*

Plaintiff cannot prevail based on the facts alleged in his Complaint without undermining the validity of his conviction, sentence, or confinement, as prohibited under *Heck*.  See *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S. Ct. 1242, 1248 (2005) ("*Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success would *necessarily imply* the unlawfulness of a (not previously invalidated) conviction or sentence.").  Because Plaintiff's allegations are inextricably linked to the validity of his conviction and confinement the Court concludes that Plaintiff's claims are not cognizable under § 1983 absent a showing that his conviction or confinement have previously been invalidated through proper channels.  Plaintiff has not made such a showing.  Thus, the Court concludes that Plaintiff's federal claims are precluded under *Heck* and must be dismissed for failure to state a claim.

### IV. State Law Claims

Under 28 U.S.C. § 1367(c)(3) a district court may decline to exercise supplemental jurisdiction over state law claims if the

court has dismissed all claims over which it has original jurisdiction.  *See* 28 U.S.C.A. § 1937(c)(3) (West 2007).  Based on its conclusion that Plaintiff's federal claims are barred by *Heck* the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and, instead, remands them back to the state courts under 28 U.S.C. § 1441(c).

## ORDER

Based on the forgoing, **IT IS HEREBY ORDERED** that:

(1) Defendants' motion to dismiss is **stricken**;

(2) Plaintiff's motion to amend the Complaint is **denied**;

(3) Plaintiff's federal claims are **dismissed** for failure to state a claim on which relief can be granted, *see* 28 U.S.C.A. § 1915A(b)(1) (West 2007); and,

(4) Plaintiff's remaining claims are remanded back to the state court from whence this case was removed.  *See* 28 U.S.C.A. § 1441(c) (West 2007).

DATED this 5th day of March, 2008.

BY THE COURT:

/s/ Dee Benson
_____
Dee Benson
United States District Judge